# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **v.** } | **Case No.: 2:07-CR-395-RDP-RRA** |
| } | |
| **JAMES LERAY MCINTOSH,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

This case is before the court on the Government's Motion to Set Sentencing Hearing (Doc. #28), filed October 15, 2009. The parties have fully briefed this matter (Docs. #28, 30, & 31), and the Motion is now properly under submission. For the reasons set forth, the Government's Motion is due to be granted.

**I.      Procedural History**

On September 25, 2007, a grand jury indicted Defendant on two counts: (1) possessing five or more kilograms of crack cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)-(C); and (2) carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(I). On both counts, the indictment alleged that Defendant committed the crimes "on or about the 21st day of February, 2007."

Defendant initially pleaded not guilty to the above counts. On November 28, 2007, the court held a change of plea hearing, at which time Defendant pleaded guilty to the counts contained in the indictment. At the hearing, Defendant acknowledged that he had received a copy of the indictment, and Defendant's attorney indicated that he had ample opportunity to review the indictment and investigate possible infirmities as well as defenses. At the close of the hearing, Defendant admitted that he had committed the crimes alleged in the indictment. Accordingly, the court, finding that

Defendant was "fully competent and capable of entering an informed plea" and the "plea of guilty [was] a knowing and voluntary plea supported by an independent basis of fact," accepted the plea and adjudged Defendant guilty of the offenses. The court set the sentencing hearing for ninety days from the date of the plea hearing.

After the court set the sentencing hearing, the Government discovered an error in the indictment. Specifically, the indictment alleged that Defendant committed the crimes on or about February 21, 2007. In reality, however, Defendant committed the crimes on November 12, 2005. After bringing the matter to the court's attention, and out of an abundance of caution, the Government filed a motion to dismiss (without prejudice) the indictment. The court granted the Government's motion. The same day, a grand jury returned against Defendant a new indictment, which included the same counts but specified the correct date of offense.

On March 3, 2008, Defendant filed a motion to dismiss the second indictment, arguing that it exposed him to double jeopardy. The court held a hearing and ultimately denied Defendant's motion. The case proceeded, and Defendant entered a conditional plea of guilty, which reserved his right to appeal the court's denial of his motion to dismiss. Based on the second guilty plea, the court sentenced Defendant.

After sentencing, Defendant appealed the court's denial of his motion to dismiss the second indictment, and the Eleventh Circuit vacated his second conviction and remanded the case with instructions to dismiss the second indictment. *United States v. McIntosh*, 580 F.3d 1222, 1229 (11th Cir. 2009). On October 8, 2009, the court held a conference with the parties to discuss how to proceed in light of the Eleventh Circuit's decision. The parties requested a briefing schedule, which the court provided. On the same day, the court vacated Defendant's second conviction and dismissed

the second indictment. On October 15, 2009, the Government filed a motion to set the sentencing hearing. Defendant responded on October 30, 2009, and the Government replied on November 6, 2009. At this juncture, therefore, the only issue remaining for the court to decide is whether to proceed to sentencing on Defendant's plea of guilty entered with respect to the charges in the first indictment.

**II.     Discussion**

    **A.     Defendant's Convictions, Resulting From His Guilty Plea to the First Indictment, Await Sentencing.**

On appeal, the Eleventh Circuit concluded that the second indictment exposed Defendant to double jeopardy. *McIntosh*, 580 F.3d at 1224. In particular, concluding that Defendant's first guilty plea, which this court never vacated, resulted in a conviction, the Eleventh Circuit held that the second indictment, which charged identical offenses as the first, violated the Double Jeopardy Clause. *Id.*; *see also United States v. Baggett*, 901 F.2d 1546, 1549 (11th Cir. 1990) ("[J]eopardy normally attaches when the court unconditionally accepts a guilty plea."). Thus, according to the Eleventh Circuit, Defendant's unconditional guilty plea to the first indictment "constituted convictions for the drug and firearm offenses: The acceptance of an unconditional plea 'is itself a conviction. . . . More is not required; the court has nothing to do but give judgment and sentence.'" *McIntosh*, 580 F.3d at 1228 (quoting *Kercheval v. United States*, 274 U.S. 220, 223 (1927)). Importantly, the Eleventh Circuit further amplified its holding and observed that Defendant "has not yet been sentenced based on his plea of guilt in the first case, but his conviction still exists and awaits a sentence." *Id.* The clear implication of the Eleventh Circuit's opinion is that, at this stage, the appropriate course is to proceed to sentencing in this case.

Defendant, otherwise not objecting to this conclusion, responds only by labeling the Eleventh Circuit's analysis as mere *dicta*:

> The Government bases its claim that this case can proceed to sentencing upon reliance on the *dicta* of the Eleventh Circuit panel's opinion . . . . The Defendant does not challenge the Government's reading of the Eleventh Circuit's *dicta*.

(Doc. #30 at 2). The Eleventh Circuit's analysis, however, is not merely *dicta*. The court's opinion is explicit: only if Defendant had a prior conviction covering the same offenses charged in the second indictment could his double jeopardy argument prevail. *See McIntosh*, 580 F.3d at 1228. As the Eleventh Circuit stated, its decision hinged on the fact that this court never vacated Defendant's conviction flowing from his initial guilty plea. *Id.* Once the Eleventh Circuit reached the conclusion that Defendant's convictions remained, the court's observation that the conviction awaited sentencing necessarily followed. *See* 18 U.S.C. § 3551(a) ("[A] defendant who has been found guilty of an offense described in any Federal statute . . . shall be sentenced . . . ."). Thus, the Eleventh Circuit's statement – that sentencing is proper – is not *dicta* because it is an essential corollary of the court's holding.[1]

**B.     Even Though Both Indictments Have Been Dismissed, the Court Has Jurisdiction to Sentence Defendant.**

Defendant principally argues that this court lacks jurisdiction to sentence him. To reach this conclusion, Defendant relies on Federal Rule of Criminal Procedure 12(b)(3)(B), which provides that "at any time while the case is pending, the court may hear a claim that the indictment or information

---

[1] But even if the implication, discussed above, could be characterized as *dicta*, it is extremely informed *dicta* relevant to the instant case as opposed to hypothetical observations or oblique references to future, unconsidered scenarios. Thus, the court is unwilling to discount the Eleventh Circuit's clear mandate simply because Defendant has, in a cursory fashion, contended that the observations are unnecessary to the appellate court's holding.

fails to invoke the court's jurisdiction or to state an offense."  From this rule of criminal procedure, Defendant extrapolates, without elaboration, the crux of his argument: "A pending indictment is indispensable to the grant of jurisdiction."  (Doc. #30 at 2).  Defendant observes that "[t]he clear implication of Rule 12(b)(3)(B) is that the indictment is vital to the court's jurisdiction at all stages: at arraignment, at the plea, post-plea, sentencing, and, in fact, post-sentencing, until the case is no longer 'pending' before the court." (Doc. #30 at 3).  Defendant asserts that once the court dismissed the first and second indictments the court lost subject matter jurisdiction over this case.[2]  Therefore, he contends that his "plea and conviction ... simply sit[s] in abeyance, without any legal effect, in perpetuity." (Doc. #30 at 2).

In support of this position, Defendant cites to a number of cases, which collectively stand for the unremarkable proposition that a criminal defendant may challenge the subject matter jurisdiction of a federal court at any stage of the proceedings – even in the circumstance where he has already pleaded guilty.  The court does not doubt the accuracy of that principle.  Defendant's reliance on this line of cases, however, merely begs the question.  The Government has not argued that Defendant is unable, at this stage, to question the court's jurisdiction.  In short, the issue is not Defendant's *ability* to challenge jurisdiction; rather, the question is whether Defendant has asserted a valid jurisdictional challenge.

---

[2] The court pauses to observe that Rule 12(b)(3)(B) never states that an indictment is the *exclusive* jurisdictional measure.  In fact, in the context of post-trial motions, Rule 34(a) specifies that "[u]pon the defendant's motion or on its own, the court must arrest judgment if: (1) the indictment or information does not charge an offense; or (2) the court does not have jurisdiction of the charged offense."  If Defendant's interpretation of the indictment's jurisdictional significance is accepted, then Rule 34(a)'s division between the analysis of the indictment's sufficiency (*i.e.*, subpart one) and the analysis of jurisdiction (*i.e.*, subpart two) is unnecessary because these analyses would collapse into a single inquiry.  The "canon of statutory construction against reading any provision, or even any word, of a statute so as to make it superfluous", *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992)), counsels against such an interpretation.

Only one of the cases cited by Defendant addresses the supposed relationship between an indictment and the court's jurisdiction. In *United States v. Foley*, the Second Circuit generally opined that "[i]n a criminal case, a failure of the indictment to charge an offense may be treated as [a] jurisdictional defect, and an appellate court must notice such a flaw even if the issue was raised neither in the district court nor on appeal." 73 F.3d 484, 488 (2d Cir. 1996) (citations and internal quotation marks omitted). Thus, extending the Second Circuit's statement, the complete absence of an indictment would constitute a jurisdictional defect, which would lend credence to Defendant's position.

But the Second Circuit's approach is no longer an accurate statement of the law. Recently, the Supreme Court explained in *United States v. Cotton*, 535 U.S. 625 (2002), that an indictment is not a jurisdictional predicate, at least for the purpose of sentencing. In *Cotton*, a grand jury returned an indictment charging the defendants with conspiracy to distribute and possession with intent to distribute five or more kilograms of cocaine and fifty or more grams of cocaine base. *Id.* at 627. Five months later, a superseding indictment, "which extended the time period of the conspiracy and added five more defendants, charged a conspiracy to distribute and to possess with intent to distribute a 'detectable amount' of cocaine and cocaine base." *Id.* at 627-28. Critically, the superseding indictment "did not allege any of the threshold levels of drug quantity that lead to enhanced penalties." *Id.* at 628.

The district court instructed the jury that "as long as you find that a defendant conspired to distribute or possess with intent to distribute these controlled substances, the amounts involved are not important." *Id.* The jury returned a guilty verdict, and at sentencing, the district court made its

6

finding of drug quantities, which triggered the enhanced penalty provisions. *Id.* The district court sentenced the defendants, and they appealed. *Id.*

On appeal, the Fourth Circuit vacated the defendants' sentences "on the ground that 'because an indictment setting forth all the essential elements of an offense is both mandatory and jurisdictional, . . . a court is without jurisdiction to . . . impose a sentence for an offense not charged in the indictment.'" *Id.* at 629 (quoting *United States v. Cotton*, 261 F.3d 397, 404-05 (4th Cir. 2001)). To reach this conclusion, the Fourth Circuit relied on *Ex parte Bain*, 121 U.S. 1 (1887). *Cotton*, 261 F.3d at 404. In *Bain*, the Supreme Court held that lack of an indictment stripped a court of its jurisdiction over criminal proceedings: "[T]he jurisdiction of the offence [was] gone, and the court [had] no right to proceed any further in the progress of the case for want of an indictment." 121 U.S. at 13. From this proposition, the Fourth Circuit reasoned that "a district court cannot impose a sentence for a crime over which it does not even have jurisdiction to try a defendant." *Cotton*, 261 F.3d at 404.

The Supreme Court rejected this conclusion and reversed the Fourth Circuit. *Cotton*, 535 U.S. at 629. Importantly, in its decision, the Supreme Court overruled *Bain* "[i]nsofar as it held that a defective indictment deprives a court of jurisdiction." *Id.* at 631.[3] Thus, according to *Cotton*, a district court has jurisdiction to sentence a person convicted of a federal crime even if the particular crime was not contained in the indictment. Accordingly, *Cotton* unequivocally divorced the analysis

---

[3] As the basis for its decision, the Supreme Court cited two cases, which both suggest that an indictment is not intimately connected to jurisdiction. First, the Court cited *Lamar v. United States*, 240 U.S. 60 (1916). In *Lamar*, the Court "rejected the claim that 'the court had no jurisdiction because the indictment does not charge a crime against the United States.'" *Cotton*, 535 U.S. at 630 (quoting *Lamar*, 240 U.S. at 64). Second, the Court cited *United States v. Williams*, 341 U.S. 58 (1951), for the proposition that "a ruling 'that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.'" *Cotton*, 535 U.S. at 631 (quoting *Williams*, 341 U.S. at 66).

of the indictment's sufficiency from the jurisdictional inquiry. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012-13 (5th Cir. 2008) (concluding, on account of *Cotton*, that "any error in the charging procedure . . . was nonjurisdictional and was therefore waived by [the defendant's] subsequent guilty plea") (citation omitted).

Although in *Cotton*, unlike here, there was an indictment, the indictment, in light of the sentencing, "rendered [the defendants'] enhanced sentences erroneous under the reasoning of *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] and *Jones* [*v. United States*, 526 U.S. 227 (1999)]." *Id.* at 632. Thus, to the extent that this case and *Cotton* are factually different, the difference is without a distinction: a sentence pronounced on the basis of a superceding indictment, which includes some but not all of the original counts,[4] is jurisdictionally tantamount to a sentence pronounced on the basis of a guilty plea entered pursuant to a now dismissed indictment, at least with respect to the omitted counts. In short, distinguishing this case from *Cotton*, merely because an indictment was technically present, unduly prioritizes form over substance.

Finally, and perhaps most compelling, examining Congress's grant of jurisdiction over criminal cases supports the court's conclusion that jurisdiction is proper. In the context of federal criminal law, the relevant statutory grant is 18 U.S.C. § 3231, which provides district courts with exclusive, original jurisdiction over "all offenses against the laws of the United States." Given §

---

[4]To be certain, in *Cotton*, the superseding indictment charged the defendants with violating, *inter alia*, 21 U.S.C. § 841(a)(1). *Cotton*, 535 U.S. at 627. The superseding indictment "did not allege any of the threshold levels of drug quantity that lead to enhanced penalties under [21 U.S.C.] § 841(b)." *Id.* at 628. The district court, nevertheless, sentenced the defendants for violating § 841(b). *Id.* The Supreme Court concluded that the district court had subject matter jurisdiction to sentence the defendants for a crime not alleged in the indictment. *Id.* at 631.
    This is not to say, however, that an indictment is wholly unnecessary. Indeed, determining whether the district court had jurisdiction to sentence the defendants for violating § 841(b) was only the first step in the Supreme Court's analysis. *Id.* Once the Supreme Court determined that jurisdiction was proper, the Court analyzed the scope and impact of the *Apprendi* violation. *Id.* at 631-34. At bottom, the court notes that conflating the indictment's constitutional necessity with its supposed jurisdictional significance is inappropriate after *Cotton*.

3231's unconditional language, Defendant's argument would require judicial revision of the statute's plain text. As the statute is written, jurisdiction exists over federal crimes without specified conditions precedent. If the court accepted Defendant's argument, then jurisdiction becomes conditioned on the presence of an indictment in addition to the presence of a validly enacted criminal statute. But "[s]ubject matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231 . . . . That's the beginning and the end of the jurisdictional inquiry." *McCoy v. United States*, 266 F.3d 1245, 1252 n.11 (11th Cir. 2001) (quoting *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999)). Congress has not definitively tied jurisdiction to the presence of an indictment, and the court is unwilling to supply such a link. Although Rule 12(b)(3)(B) obliquely hints at an indictment's jurisdictional import, that rule is not the sort of unequivocal congressional directive required to alter federal jurisdiction.[5]

In sum, the court agrees with the Government's more plausible reading of Rule 12(b)(3)(B) – namely, in the usual course of events, the instrument consulted to assess jurisdiction is the indictment, which contains a shorthand account of the statutory basis for the prosecution:

> Indeed, once the defendant has been convicted on charges originally contained in the indictment or information, the critical issue is whether the offenses of conviction constitute "offenses against the laws of the United States." 18 U.S.C. § 3231. If not, the convictions cannot stand. The court may consult the indictment or information to determine whether jurisdiction was properly invoked in the first instance, but it need not consult those pleadings to determine whether

---

[5]Assuming *arguendo* the accuracy of Defendant's contention, the practical result would be bizarre. For example, if an indictment contained allegations patently infirm on both statutory and constitutional grounds, such that the indictment was equivalent to no indictment at all, then the district court would be powerless to even dismiss the indictment on request of the defendant. The Eleventh Circuit, however, has already rejected that suggestion. *See Alikhani v. United States*, 200 F.3d 732, 735 (11th Cir. 2000) ("[The defendant] has cited no case, and we have located none, holding that the failure of an indictment to state an offense . . . divests the district court of the power even to enter a judgment of acquittal.").

9

>it has subject-matter jurisdiction after the defendant has been convicted.

(Doc. #31 at 8-9). But this case is not in the usual course of events because a conviction exists and the underlying indictment used to procure the conviction was dismissed <u>after</u> Defendant's plea of guilty. This posture does not foreclose the possibility of assessing jurisdiction. At this stage, the inquiry is straightforward: has Defendant been *convicted* of "offenses against the laws of the United States," as required under § 3231? Critically, Defendant has not argued that his convictions for violating 18 U.S.C. § 924(c)(1)(A)(I) and 21 U.S.C. §§ 841(a)(1), (b)(1)(B)–(C) fall outside the scope of § 3231, except to the extent that he contends a current indictment is jurisdictionally required. As the court has previously explained, under these unique circumstances the indictment is not a jurisdictional necessity.[6] Accordingly, because convictions for violating 18 U.S.C. § 924(c)(1)(A)(i) and 21 U.S.C. §§ 841(a)(1), (b)(1)(B)–(C) constitute "offenses against the laws of the United States," as required by § 3231, this court has jurisdiction to sentence Defendant even though the underlying indictment has been dismissed.

**III.   Conclusion**

For the reasons explained above, the Government's Motion to Set Sentencing Hearing (Doc. #28), filed October 15, 2009, is due to be granted. Accordingly, this case is set for a sentencing

---

[6] The court's analysis should not be interpreted as downplaying the indictment's role. Indeed, "[a] defendant has a substantial right to be tried solely on charges presented in an indictment returned by a grand jury," and "[t]hat right is defeated when a defendant is later subjected to prosecution for an offense not charged by the grand jury." *United States v. Bizzard*, 615 F.2d 1080, 1082 (5th Cir. 1980) (citations omitted). In this case, only after Defendant pleaded guilty did the court dismiss the first indictment. Accordingly, the protections provided through indictment (*i.e.*, providing notice of pending charges to afford Defendant an opportunity to prepare a defense) were secured in this case, and Defendant has not suggested anything to the contrary.

In short, although the court appreciates the relevance of an indictment in general, the court's conclusion in this case, consistent with *Cotton*, merely disentangles the jurisdictional inquiry from the constitutional requirements contained in the Fifth Amendment.

hearing before the undersigned at **10:00 a.m.** on **Wednesday, April 14, 2010** in Courtroom 7A of the Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, Alabama. A separate order in accordance with this Memorandum Opinion will be entered.

    **DONE** and **ORDERED** this \_\_\_\_11th\_\_\_\_ day of December, 2009.

    _____
    **R. DAVID PROCTOR**
    UNITED STATES DISTRICT JUDGE