# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| v. | } | Case No.:  2:07-CR-395-RDP-RRA |
| | } | |
| JAMES LERAY MCINTOSH, | } | |
| | } | |
| Defendant. | } | |

## MEMORANDUM OPINION

This case is before the court on Defendant's Motion to Withdraw Guilty Plea (Doc. #58),

filed November 30, 2010.  For the reasons set forth, Defendant's Motion is due to be denied.

## I.    PROCEDURAL HISTORY

On September 25, 2007, a grand jury indicted Defendant on two counts: (1) possessing five

or more kilograms of crack cocaine with the intent to distribute, in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(B)-(C); and (2) carrying a firearm during a drug trafficking crime, in violation

of 18 U.S.C. § 924(c)(1)(A)(I).  (Doc. #1).  On both counts, the Indictment alleged that Defendant

committed the crimes "on or about the 21st day of February, 2007." (Doc. #1 at 1).

Defendant initially pleaded not guilty to the above counts.  (Doc. #23 at 3:12-15).  On

November 28, 2007, the court held a change of plea hearing, at which time Defendant pleaded guilty

to the counts contained in the Indictment.  At the hearing, Defendant acknowledged that he had

received a copy of the Indictment, and Defendant's attorney indicated that he had ample opportunity

to review the Indictment and investigate possible infirmities as well as defenses.  (Doc. #23 at 6:5-

13).  Defendant also acknowledged that he had had adequate time to consult with his lawyer

concerning the charges against him.  (Doc. # 23 at 6:14-17).  Defendant specifically testified that he

was pleading guilty because he was in fact guilty of the charges made in the Indictment.  (Doc. # 23

at 17:7-9).  During the hearing, the court informed Defendant that if he entered a guilty plea, he would not be free to change his mind after it was accepted:

> Q:  But if you do enter a guilty plea today, you wouldn't be free to go back and change your mind after I accept it.
>
> Do you understand that?
>
> A.  Yes, sir.

(Doc. # 23 at 22:22-23:1).

At the close of the hearing, Defendant admitted that he had committed the crimes alleged in the Indictment.  (Doc. #23 at 23:19-24:4).  The court found that Defendant was "fully competent and capable of entering an informed plea" and that the "plea of guilty [was] a knowing and voluntary plea supported by an independent basis of fact," accepted the plea, and adjudged Defendant guilty of the offenses. (Doc. #23 at 24:5-13).

After the court set the sentencing hearing, the Government discovered an error in the Indictment.  Specifically, the Indictment alleged that Defendant committed the crimes on or about February 21, 2007.  In reality, however, Defendant committed the crimes on November 12, 2005. After bringing the matter to the court's attention, and out of an abundance of caution, the Government filed a motion to dismiss (without prejudice) the Indictment.  (Doc. #16).  The court granted the Government's motion.  (1/30/08 Order).  The same day, a grand jury returned against Defendant a new Indictment, which included the same counts but specified the correct date of offense.  (Case No. 2:08-CR-40, Doc. #1).

On March 3, 2008, Defendant filed a motion to dismiss the Second Indictment, arguing that it exposed him to double jeopardy.  (Case No. 2:08-CR-40, Doc. #6).  The court held a hearing and

ultimately denied Defendant's motion.  (Case No. 2:08-CR-40, Doc. #18).  The case proceeded, and Defendant entered a conditional plea of guilty, which reserved his right to appeal the court's denial of his motion to dismiss.  (Case No. 2:08-CR-40, Doc. #35 at 2:8-13).  Based on the second guilty plea, the court sentenced Defendant.  (Doc. #25).

At this second plea hearing, Defendant and his counsel again acknowledged that they had had adequate time to consult with each other concerning the charges against Defendant.  (Case No. 2:08-CR-40, Doc. # 35 at 8:21-9:5.  Defendant again admitted that he did the things with which he was charged in the Second Indictment.  (Case No. 2:08-CR-40, Doc. # 35 at 23:13-20).  He further admitted that he knew he was violating the law when he did those things.  (Case No. 2:08-CR-40, Doc. # 35 at 23:21-23).  Defendant confirmed that, by entering his guilty plea, he would not be allowed to withdraw it unless he prevailed on appeal on the issue of double jeopardy.  (Case No. 2:08-CR-40, Doc. # 35 at 25:2-8).  The court again found that Defendant was "fully competent and capable of entering an informed plea" and that the "plea of guilty [was] a knowing and voluntary plea supported by an independent basis of fact," accepted the plea, and adjudged Defendant guilty of the offenses.  (Case No. 2:08-CR-40, Doc. # 35 at 26:20-27:6).

After sentencing, Defendant appealed the court's denial of his motion to dismiss the Second Indictment, and the Eleventh Circuit vacated his second conviction and remanded the case with instructions to dismiss the Second Indictment. *United States v. McIntosh*, 580 F.3d 1222, 1229 (11th Cir. 2009).  On October 8, 2009, the court held a conference with the parties to discuss how to proceed in light of the Eleventh Circuit's decision.  The parties requested a briefing schedule, which the court provided.  On the same day, the court vacated Defendant's second conviction and dismissed the Second Indictment.  (Case No. 2:08-CR-40, Doc. #41).  On October 15, 2009, the Government

3

filed a motion to set the sentencing hearing.  (Doc. #28).  On December 11, 2009, the court granted

the Government's request over Defendant's objection and set this case for sentencing on April 14,

2010.  (Doc. #33).  On March 12, 2010, Defendant filed a motion to terminate any further

proceedings (Doc. #35), which contends that the court erred in granting the Government's request

to set sentencing.  On April 14, 2010, the court denied Defendant's motion (Doc. # 41).  Defendant

appealed this decision on April 15, 2010.  (Doc. # 42)  The appeal was dismissed on July 28, 2010.

(Doc. # 54).

On August 9, 2010, the court set Defendant for sentencing on December 16, 2010.  (Doc. #

56).  Defendant filed the instant Motion to Withdraw Guilty Plea (Doc. # 58), on November 30,

2010.

## II.    DISCUSSION

After the district court has accepted a guilty plea and before sentencing, the defendant may

withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the

withdrawal." Fed.R.Crim.P. 11(d)(2)(B).  To determine whether a defendant has shown a fair and

just reason for withdrawal, a court must consider the totality of the circumstances surrounding the

plea, including "(1) whether close assistance of counsel was available; (2) whether the plea was

knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the

government would be prejudiced if the defendant were allowed to withdraw his plea." *United States

v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988).

Interestingly, Defendant has not provided any analysis of the *Buckles* factors in relation to his case.[1]  Instead, he argues that a defect in an Indictment is a "fair and just reason" to permit the withdrawal of his guilty plea.  (Doc. # 58 at 1).  However, in the case cited by Defendant for this proposition, the Indictment at issue failed to charge an offense.  (Doc. # 58 at 1-2).  Here there was only a minor error in the Indictment: an incorrect date.  The substantive facts alleged in the Indictment are accurate and have now been admitted by Defendant on two occasions.

Defendant further argues that the dismissal of the first Indictment is a "fair and just reason" to permit the withdrawal of his plea.  However, the Eleventh Circuit has already decided that Defendant's conviction, produced by his initial guilty plea, was unaffected by the first Indictment's dismissal.  *McIntosh*, 580 F.3d at 1229.  According to the Eleventh Circuit, the Second Indictment exposed Defendant to double jeopardy precisely because the first plea, and its attendant conviction, remained intact even though the court dismissed the first Indictment.  (*Id.*).

Applying the *Buckles* factors to this case, the court finds he is not entitled to the relief he requests.  First, Defendant has pled guilty twice, and before doing so Defendant (1) had close assistance of counsel at the time he entered his pleas, and (2) his guilty pleas were entered knowingly and voluntarily.  Because the first two *Buckles* factors are established, the court need not consider the conservation of judicial resources or prejudice to the Government.  *See U.S. v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).  Nonetheless, the court further finds that allowing the defendant to withdraw his plea would not conserve resources of the court or parties because it would require a trial that would otherwise be unnecessary.  Further, the Government

---

[1]That omission may be with good reason as the court finds that application of the *Buckles* factors here does not support the request to withdraw Defendant's guilty plea.

would be prejudiced by the withdrawal of the guilty plea because it would have to reassemble witnesses and evidence and prepare for a trial after a significant time lapse. *See U.S. v. McCree*, 225 Fed.Appx. 860, 865 (11th Cir. 2007) ("a delay in any case degrades the quality of witness recollection and in that regard prejudices the presentation of the prosecution's case.").

There is also some support for the idea that the length of the delay between the defendant's plea of guilty and the motion to withdraw the plea may also be considered by the court. *See, e.g., U.S. v. Scott,* 2009 WL 1688476, *5 n.5 (M.D. Fla. 2009); *U.S. v. Williams*, 959 F.Supp. 1495, 1500 (M.D. Fla. 1997); *U.S. v. Joseph*, 742 F.Supp. 618, 619 (M.D. Fla. 1990).  In this case, Defendant first pled guilty to the charges against him on November 27, 2007.  He again pled guilty to those charges (with only a corrected date) on November 19, 2008.  His sentencing was set for December 16, 2010 by order dated August 6, 2010.  Under these circumstances, Defendant's delay between his original plea and the motion to withdraw it weigh against granting his motion.

## III.    CONCLUSION

For the foregoing reasons, the court finds that Defendant has failed to provide a fair and just reason for withdrawing his guilty plea.  Therefore, Defendant's Motion to Withdraw Guilty Plea (Doc. #58) is due to be denied.

**DONE** and **ORDERED** this _____8th_____ day of December, 2010.

_____

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE